JOHN F. WILSON v. THE STATE.

No. 340. Decided January 26, 1910.

**1.—Theft—Evidence—Profert.**

Where upon trial for theft the State was permitted to exhibit some of the alleged stolen articles to the jury, it was reversible error to refuse defendant to exhibit other alleged stolen articles to the jury, in order to show that they did not suit the description given of them by the State's witness.

**2.—Same—Evidence—Owner.**

Upon trial for theft it was reversible error to reject testimony by the defense, showing that the alleged owner of the alleged stolen property was in fact not the owner thereof.

Appeal from the County Court of Angelina. Tried below before the Hon. J. P. Maroney.

Appeal from a conviction of theft; penalty, a fine of $50 and twenty-four hours confinement in the county jail.

The opinion states the case.

*W. J. Townsend, Jr.,* for appellant.—On question of excluding testimony as to identification of property: Early v. State, 9 Texas Crim. App., 476; Anderson v. State, 34 Texas Crim. Rep., 546. On question on proof of ownership: Stevens v. State, 7 Texas Crim. Rep., 39; Bell v. State, 2 Texas Crim. App., 215; Jones v. State, 7 Texas Crim. App., 103.

*John A. Mobley,* Assistant Attorney-General, for the State.

McCORD, JUDGE.—This is an appeal from a conviction for petty theft with a punishment of $50 fine and twenty-four hours in the county jail. The indictment charged the theft of a buggy axle of the value of fifty cents, one buggy spring of the value of $1 and one axe and axe handle of the value of fifty cents. It may be stated that appellant claimed that he purchased this property from one Cook some two years before the trial. He also proved by the witness Cook that he sold to the defendant a wagon that had a buggy spring and buggy axle like the one in controversy. It may be further stated that there was a sharp controversy in the testimony as to whether the property found in the possession of appellant was the property of the prosecuting witness or not. The prosecuting witness, Frank Schverak, was upon the witness stand and brought into court an axe and axe handle and exhibited them before the jury and claimed that this was his axe and handle and that the same was taken from him the same time that the buggy springs and the axle were taken from him; that the witness in the presence of the jury examined the said axe and handle and said that it was his property. The witness then described the buggy springs and axle. The appellant contended that the buggy springs and axle that was in his possession and which he was charged with stealing did not suit the springs and axle described by the witness and asked the court to require the witness, in view of the fact that the witness had exhibited the axe and handle, to bring said axle and buggy spring into court that the jury might see that they did not fill the description that the witness gave of those lost by him, and that they would corroborate appellant's theory that it was his property, and impeach the State's witness and as showing that the State's witness was mistaken in his description of the property. The county attorney objected to the introduction of said springs and axle in evidence, and objected to making profert of same to the jury, which objections were sustained by the court and the appellant was not permitted to offer in evidence the said springs. We think, under the peculiar circumstances of this case, that this testimony was clearly admissible for the purpose of impeaching the State's witness; that if

the springs were of the description that the State's witness had given, it would have strengthened the State's case, and if they were not, then appellant was entitled to such testimony to not only show his innocence, but to show that the property that was claimed to have been stolen by the appellant, was not the property found in the possession of appellant. In view of the insistence of the appellant that he had acquired this property innocently and lawfully and in view of his insistence that the property he acquired was not the property of the State's witness and did not suit the description of the property that the State's witness claimed was lost, the court should have permitted this testimony to go before the jury. The State had exhibited before the jury part of the property. Most certainly the court ought to have allowed this testimony. It would have thrown light upon the transaction and have enabled the jury to have reached a correct conclusion in regard to the matter; in view of the fact that the appellant was arrested for having this property and being found in the possession of same some year after the State's witness claims to have lost it.

Bill of exceptions No. 2 was to the action of the court in not allowing the defendant to prove by the State's witness, Frank Schverak, while he was on the stand that he was not the owner of the property at the time of the alleged theft; that said property belonged to one Rudolf Roszler at the time of the alleged theft, and that if defendant became the owner of any of the property it was since the alleged theft, and that if he had been permitted to do so he could have proved that the property described in the indictment was on a place that belonged to one Rudolf Roszler, and that said Rudolf Roszler had purchased it from one Julius Henning prior to the time of the alleged theft, and that said Roszler is now living in the State of California and had made no disposition of said property; that he, Roszler owned the property, and not the defendant. This testimony was objected to. We think that the appellant was entitled to prove this fact, if it was a fact, and if the property did not belong to the prosecuting witness, the appellant could not be charged with theft of property from him without his consent, unless he had possession at the time of taking.

For the errors indicated the judgment is reversed and the cause is remanded.

*Reversed and remanded.*